IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

    v.                                                            Case No. 1:25-CR-85-CJN

Robert Andrew Cooper

### Defendant's Motion for Competency Evaluation and Hearing

Pursuant to 18 U.S.C. 4241(a), counsel for Mr. Cooper moves the court to schedule a hearing to determine his competence to proceed as well as order a psychiatric or psychological evaluation be conducted pursuant to 18 U.S.C. 4247(b) and (c). Counsel has reasonable cause to believe that Mr. Cooper does not have the sufficient present ability to consult with counsel with a reasonable degree of rational understanding, nor does he have a rational and factual understanding of the proceedings against him. During a recent visit with Cooper, he demonstrated an inability to rationally communicate with counsel about his charges and his upcoming trial. For example, Cooper insists on subpoenaing several former high-ranking government officials, including former President Obama and Secretary Clinton, despite their irrelevance to his case. Cooper also has grandiose delusions about his past that he insists are factual and relevant to his pending trial. Those delusions pervade his understanding of the facts that would be adduced at trial and prevent him from thinking rationally or factually or meaningfully communicating with counsel. He appears to have significantly decompensated during his recent incarceration. Counsel is prepared to provide additional concrete examples that support this motion to the court on an *ex parte* basis.

Defense counsel has an obligation to move for a competency evaluation when "there are sufficient indicia of incompetence to give objectively a reasonable counsel reason to doubt the defendant's competency . . . ." *See Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir.

2011) (quoting *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001)). Counsel notes that Cooper does not join counsel's request for a competency hearing. However, at least one court has held that "[t]he fact that counsel and her client different on the central issue of defendant's competency does not raise an actual conflict requiring the appointment of a second attorney." See *People v. Jernigan*, 110 Cal. App. 4th 131, 135 (CA 2003). That court further held "[t]o permit a prima facie incompetent defendant to veto counsel's decision to argue that the client is incompetent would increase the danger that the defendant would be subjected to criminal proceedings when he or she is unable to assist counsel in a rational manner." *Id*. at 135 – 36.

    Respectfully submitted,

    /s/ Benjamin Schiffelbein and Alexis Gardner
    625 Indiana Ave NW, Ste 550
    Washington, DC 20004
    Benjamin_Schiffelbein@fd.org