### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|                        |     |               |
| ---------------------- | --- | ------------- |
| United States          | )   |               |
|                        | )   |               |
| v.                     | )   | No. 1:25-cr-85 |
|                        | )   |               |
| Robert Cooper,         | )   |               |
|                        | )   |               |
| Defendant.             | )   |               |

### SUPPLEMENTAL BRIEF ON WHETER A DEFENDANT WHOSE COMPETENCY IS IN QUESTION MAY WAIVE HIS RIGHT TO REMAIN SILENT AGAINST COUSNEL'S ADVICE AT A COMPETENCY HEARING

At conclusion the February 3 hearing on competency, the Court asked both parties to submit briefs on whether Mr. Cooper could waive his right to remain silent at the competency hearing over the objection of his counsel. For the reasons that follow, counsel contends that, following the Circuit Court's rationale in *United States v. Klat*, defendants whose competency is in question cannot waive the right to remain silent until competency to stand trial is resolved.

### ARGUMENT

#### I.    A Defendant's statutory rights at a competency hearing

18 U.S.C. § 4241(c) allows the district court to hold a hearing on a criminal defendant's competency "pursuant to the provisions of section 4247(d)." 4247(d) states that:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. *The person shall be afforded an opportunity to testify*, the present evidence, to subpoena witnesses on his. Behalf, and to confront and cross-examine witnesses who

appear at the hearing.

*Id*. (italics added).

## II. *United States v. Gillenwater*, the only case to hold that a defendant whose competency is in question may waive his right to remain silent at the competency hearing against counsel's advice, was wrongly decided

Neither the Supreme Court nor the DC Circuit has ruled on whether a defendant whose competency is in question may waive his right to remain silent at a competency hearing against counsel's advice. The only case holding that the defendant may waive the right over counsel's objection is *United States v. Gillenwater*. 717 F.3d 1070 (2013). Counsel contends that the case was not correctly decided.

The *Gillenwater* court did not acknowledge the tension between a *theoretical* due process right for a criminal defendant to testify at a competency hearing against his counsel's advice and the *undisputed* constitutional right to remain silent. The right to remain silent is one of the most important protections for the criminally accused - considered so important that the Supreme Court has, for example, long required police to engage in elaborate verbal warnings before questioning a suspect in custody. *Miranda v. Arizona*, 384 U.S. 436 (1966).

The *Miranda* court's holding that the right to remain silent must be "knowingly and intelligently" (*Id*. at 475) waived applies with even more force to potentially incompetent defendants than it does to custodial interrogations. There is good reason to believe that the class of defendants subject to competency proceedings is likely to be incapable of "knowingly and intelligently" waiving the right to remain silent. Any defendant subject to § 4247 competency proceedings has necessarily already had a judge find "reasonable cause" to believe that he or she is "is unable to understand the nature and consequences of

the proceedings against him."   *See*, § 4241(a).  In most of these cases, the putatively incompetent defendant has also had at least one mental health professional submit a report finding him or her incompetent.  *See*, § 4241(b)("[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted").  On top of this, defense counsel stating to the court that he has advised the client not to testify is a further red flag that the defendant is not making a "knowing and intelligent" decision.  For all of these reasons, the Court can conclude that defendants subject to competency hearings are, as a class, exceedingly unlikely to be in a position to "knowingly and intelligently" waiving the right to remain silent.  The Court should further conclude that the *Gillenwater* Court did not adequately consider whether it was doing irreparable damage to mentally ill defendants' undisputed and critically important right to remain silent in its efforts to vindicate a speculative right to testify at competency proceedings.

Perhaps anticipating this problem with its holding, the *Gillenwater* court attempted to construct a sort of legal life preserver for defendants who insist on throwing themselves off the deep end by testifying at their competency hearings.  The court held that:

> We remand with instruction that if another competency hearing is held at which Gillenwater testifies, the district court enter an order barring the use of such testimony at Gillenwater's trial except, if otherwise permissible, to impeach Gillenwater were he to testify at trial – as is the rule in the context of a defendant's testimony at a suppression hearing.

717 F.3d at 1085-86.

The *Gillenwater* court's attempt at a prophylactic measure to protect the defendant is unsatisfactory for several reasons.  First, the legal basis for the court's action is by no means guaranteed to hold up in this Circuit.  Although in *Simmons v. United States*, the Supreme Court held that a defendant's testimony at a suppression hearing cannot be used at trial,

that case is not explicitly applicable to a competency hearing.  390 U.S. 377 (1968).  And

the *Gillenwater* court did not even contend that its holding was compelled by *Simmons*, or

by any other Supreme Court case, relying instead on the court's "supervisory authority" to

"mandate procedures deemed desirable."  717 F.3d at 1087.  It is not a foregone conclusion

that the government or DC Circuit Court will concede to such an exercise of "supervisory

authority" and, by the time Mr. Cooper learns the final answer, it will be too late to undo

the damage caused by testifying.

Moreover, even assuming that *Simmons* is applicable to competency proceedings, its

meager protections will prove a poor substitute for the constitutional right to remain silent.

For one, Cooper's testimony could be used to impeach him at trial.  *United States v.*

*Geraldo*, 271 F.3d 1112, 1116 (D.C. Cir. 2001)("If Geraldo had testified at the suppression

hearing about his interest in the premises, his testimony could have been used to impeach

him at trial if he took the stand.").  More seriously, his testimony could also be used against

him to bring new charges.  For example, if the government construed some portion of the

testimony as a legal "threat", it could bring a charge based on the testimony.  For all these

reasons, the prophylactic measure contemplated by *Gillenwater* is not sufficient to protect

Mr. Cooper's or other defendants' Fifth Amendment rights.

### III.    G*illenwater* Conflicts with DC Circuit Precedent Holding that Defendants Whose Competence to Stand Trial is Reasonably in Question Cannot Waive Constitutional Rights

`In *United Stats v. Klat*, the DC Circuit Court held that if a district judge finds

"reasonable cause" to believe a defendant is incompetent, the defendant cannot waive the

right to counsel "until the issue of her competency to stand trial [has] been resolved."  156

F.3d 1258, 1263 (D.C. 1998).   The court stated that it would be "contradictory" to

"conclude that a defendant whose competency is reasonably in question could nevertheless knowingly and intelligently waive her Sixth Amendment right to counsel." *Id.* The court based its decision on *Pate v. Robinson*, where the Supreme Court held that a defendant could not waive his right to a competency hearing when there was a question as to his competency to stand trial. 383 U.S. 375, 384 (1966).

If a defendant whose competency is in question cannot waive the right to counsel or the right to a competency hearing, it would certainly be "contradictory" to hold that the same defendant could waive the all-important right to remain silent. The Court should therefore decline to follow *Gillenwater* because it would be conflict with *Klat*.

## IV.     Even Under *Gillenwater*, the Court is Not Required to Receive Testimony from Mr. Cooper

Even if this Court adopts *Gillenwater*, it does not necessarily follow that Mr. Cooper must testify. As subsequent Ninth Circuit cases have emphasized, nothing in *Gillenwater* prevents "the district court from exercising discretion to limit testimony, focus the scope of the proceeding, or exclude irrelevant testimony." *United States v. Kowalczyk*, 805 F.3d 847, 860 (9th Cir. 2015); *see also*, *Rock v. Arkansas*, 483 U.S. 44 (1987)(defendant's right to testify not absolute); *United States v. Fields*, 614 Fed.Appx. 101, 103-04 (4th Cir. 2015)(upholding trial judge's limitations on defendant's testimony).

Here, the Court can conclude that any testimony from Mr. Cooper would be cumulative under Rule 403. The Court can make this ruling based on Mr. Cooper's extensive courtroom remarks in prior proceedings that inform the competency inquiry.

For example, at the November 7 and December 18 hearings, the Court allowed Mr. Cooper the opportunity to address the Court. Mr. Cooper's statements certainly showed the bases for concern about his competency, such as his conspiratorial beliefs, unusual

manner of speaking, and tendency to ramble.  The Court found that Cooper's statements were relevant to competency, stating "the last 10 minutes have been something akin to [res] ipsa, as to competency exam."  11/7/25 Tr. at 13.

However, Cooper's statements also provided strong evidence of why counsel is not conceding that Cooper is incompetent.   For example, when the Court warned Mr. Cooper that speaking in court is often not in a defendant's interest, Mr. Cooper understood the point, responding that "I appreciate your caution and it's well-said and taken in the best terms."  *Id*. at 7.  Mr. Cooper's answer showed that, although he does not always follow sound advice, it is not because he does not understand what he is being told.  Mr. Cooper also demonstrated proper courtroom etiquette such as asking "[m]ay I address the Court?" before proceeding.  *Id*.  He used legal terms appropriately such as "officer of the court" (*Id*. at), "pro se" (*Id*. at 8) and "domicile" (12/18/25 Tr. at 36).  Mr. Cooper demonstrated a grasp of defense strategy with comments such as (referring to counsel), "I'm very unhappy with what you are doing because you are leaving a lot of information out."  *Id*. at 18.  He showed that he was following and understanding the court proceedings, at one point asking, "if I could just address a couple points that the Assistant U.S. Attorney told you incorrectly."  *Id*. at 35.  When the Court admonished Mr. Cooper that he should not talk about a particular subject, Mr. Cooper demonstrated his understanding of the Court's statement:

> THE COURT: Because we are talking about a potential violation of federal law, and you have very much no interest in describing it…

> THE DEFENDANT:  I stand corrected, Your Honor.  Thank you.  I'd like to address other points.  Thank you.

*Id*. at 36.

The Court had further discussions with Mr. Cooper at the most recent hearing on February 3.  Although we don't yet have a transcript, the Court will recall that Mr. Cooper continued to make some unusual statements while at the same time demonstrating a clear grasp of legal concepts such as a pending motion to dismiss and his putative right to testify over counsel's objection.

Based on Mr. Cooper's in court statements including those described above, the Court can conclude that the record is sufficient to allow it to assess competency and that further testimony from Mr. Cooper would be unnecessarily cumulative under Rule 403.

### V.    Other Matters

At the last hearing, the Court asked the parties to state in this filing whether they wished to submit further evidence on competency.  Counsel does not wish to submit further evidence.  Counsel maintains the position that, for the reasons stated at the February 3 hearing, the government has not proven by a preponderance of the evidence that Mr. Cooper is incompetent to stand trial.

It should be noted that there is no inconsistency in simultaneously contending that there is no right to testify at a competency hearing over counsel's advice and that Robert Cooper himself has not been proven to be incompetent (and, therefore, might theoretically be capable of knowingly and intelligently waiving his constitutional rights).  The former is an abstract legal question that should apply categorically, and the latter is a question specific to the facts of Mr. Cooper's case.

### CONCLUSION

For the above reasons, the defense requests the Court to find that a potentially incompetent defendant does not have a right to testify at a competency hearing over

7

counsel's objection.  In the alternative, the Court should find that further testimony from Mr. Cooper would be cumulative under Rule 403.

Respectfully Submitted,

By:


/s/ Charles Burnham
Charles Burnham, DC # 1003464
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1634 I St. NW, Suite 373
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com